UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RENEE JONES,                                    **ANSWER TO COMPLAINT**

                                    Plaintiff,    14 Civ. 1259 (HB)

                    -against-

THE CITY OF NEW YORK,                           Jury Trial Demanded
NEW YORK POLICE DEPARTMENT,
DETECTIVE ANIELLO MAZZELLA,

                                    Defendants.

------------------------------------------------------------------------ x

        Defendants City of New York, the New York City Police Department, and Detective Aniello Mazzella, by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in the unnumbered paragraph on page 1 of the complaint, entitled "Introduction," and all of it subparts, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        3.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        4.     Deny knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph "3" of the complaint.

        5.     There is no paragraph "4" in the complaint.

6.    Deny of the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York.

7.    Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York maintains the New York City Police Department, and respectfully refers the Court to the New York City Charter and Administrative Code for a full recitation of the relationship between the City of New York and the New York City Police Department.

8.    Deny the allegations set forth in paragraph "7" of the complaint, except admit that Detective Mazzella is employed by the City of New York as a member of the New York City Police Department.

9.    Deny the allegations set forth in paragraph "8" of the complaint, insofar as this paragraph contains an averment of fact; insofar as the paragraph contains only conclusions of law, no response is required.

10.    Deny the allegations set forth in paragraph "9" of the complaint, insofar as this paragraph contains an averment of fact; insofar as the paragraph contains no averments of fact, no response is required.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

12.    Deny the allegations set forth in paragraph "11" of the complaint, except admit that Plaintiff was arrested in connection with a crime that occurred on March 19, 2012.

13.    Deny the allegations set forth in paragraph "12" of the complain, except admit that a complaining victim told the police that money was taken from her without her permission.

14.    Deny the allegations set forth in paragraph "13" of the complaint, except state that when the complaining victim spoke to detectives she explained in detail how her money was taken from her.

15.    Deny the allegations set forth in paragraph "14" of the complaint, except admit that the complaining victim looked through photographs at a police precinct looking for the people involved in the taking of her money.

16.    Deny the allegations set forth in paragraph "15" of the complaint, except admit that the complaining victim identified the Plaintiff as one of the perpetrators of the crime.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admit that Plaintiff was arrested on October 10, 2012, at the NYPD's 52nd Precinct.

18.    Deny the allegations set forth in paragraph "17" of the complaint, except admit that Plaintiff was placed in a line-up, that the other participants in the line-up were younger than Plaintiff, and that the complaining victim identified the Plaintiff as one of the perpetrators of the crime.

19.    Deny the allegations set forth in paragraph "18" of the complaint, except admit that the complaining victim identified the Plaintiff as one of the perpetrators of the crime.

20.    Deny the allegations set forth in paragraph "19" of the complaint, except admit that plaintiff was arrested, transported to central booking, and formally charged with various crimes.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint, except admit that bail was set.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff was prosecuted based on her suspected involvement in the crime reported by the complaining victim.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

25.     In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

26.     Deny the allegations set forth in paragraph "25" of the complaint, insofar as this paragraph contains an averment of fact; insofar as the paragraph contains no averments of fact, no response is required.

27.     Deny the allegations set forth in paragraph "26" of the complaint, insofar as this paragraph contains an averment of fact; insofar as the paragraph contains no averments of fact, no response is required.

28.     Deny the allegations set forth in paragraph "27" of the complaint.

29.     Deny the allegations set forth in paragraph "28" of the complaint, except admit that Plaintiff was arrested and prosecuted.

30.     Deny the allegations set forth in the first unnumbered paragraph on page 5 of the complaint, entitled "wherefore," and all of its subparts, except admit that plaintiff purports to proceed as stated therein.

31.     In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

32.     Deny the allegations set forth in paragraph "30" of the complaint, except admit that Plaintiff was arrested and prosecuted.

33.     Deny the allegations set forth in the second unnumbered paragraph on page 5 of the complaint, entitled "wherefore," except admit that plaintiff purports to proceed as stated therein.

34.     In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

35.     Deny the allegations set forth in paragraph "32" of the complaint.

36.     Deny the allegations set forth in paragraph "33" of the complaint, except admit that Plaintiff was arrested and prosecuted.

37.     Deny the allegations set forth in the first unnumbered paragraph on page 6 of the complaint, entitled "wherefore," except admit that plaintiff purports to proceed as stated therein.

38.     In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

39.     Deny the allegations set forth in paragraph "35" of the complaint.

40.     Deny the allegations set forth in paragraph "36" of the complaint.

41.     Deny the allegations set forth in the second unnumbered paragraph on page 6 of the complaint, entitled "wherefore," except admit that plaintiff purports to proceed as stated therein.

42.     In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

43.     Deny the allegations set forth in paragraph "38" of the complaint.

44.     Deny the allegations set forth in paragraph "39" of the complaint.

45.     Deny the allegations set forth in paragraph "40" of the complaint.

46.     Deny the allegations set forth in paragraph "41" of the complaint.

47.     Deny the allegations set forth in paragraph "42" of the complaint, except admit that plaintiff was arrested and prosecuted.

48.     Deny the allegations set forth in the unnumbered paragraph on page 7 of the complaint, entitled "wherefore," except admit that plaintiff purports to proceed as stated therein.

49.     In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

50.     Deny the allegations set forth in paragraph "44" of the complaint, insofar as this paragraph contains an averment of fact; insofar as this paragraph contains no averment of fact, no response is required.

- 6 -

51.     Deny the allegations set forth in paragraph "45" of the complaint.

52.     Deny the allegations set forth in paragraph "46" of the complaint.

53.     Deny the allegations set forth in paragraph "47" of the complaint, insofar as this paragraph contains an averment of fact; insofar as this paragraph contains no averment of fact, no response is required.

54.     Deny the allegations set forth in the unnumbered paragraph on page 8 of the complaint, entitled "wherefore," except admit that plaintiff purports to proceed as stated therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

55.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

56.     Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

57.     Any injury alleged to have been sustained resulted from plaintiff own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

58.     There was probable cause for plaintiff arrest, detention, and prosecution.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

59.     Plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

60.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

61.    Any state law claims may be barred for failure to comply with conditions precedent to suit, pursuant to General Municipal Law §§ 50-e, 50-h, and/or 50-i.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

62.    The New York City Police Department is not a suable entity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

63.    Defendant Mazzella has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

64.    At all times relevant to the acts alleged in the complaint, Detective Mazzella, and all other city employees, acted reasonably and properly in the lawful exercise of his discretion.

**WHEREFORE,** defendants, the City of New York, New York City Police Department, and Detective Mazzella, request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
      May 27, 2014

             MICHAEL A. CARDOZO
             Corporation Counsel of the
              City of New York
             *Attorney for Defendants City, NYPD, and Mazzella*
             100 Church Street, 3-189
             New York, New York 10007
             (212) 356-2357

             By:    /s/
                Morgan D. Kunz
                Senior Counsel
                Special Federal Litigation Division

TO:  Conway C. Martindale, II, Esq. (By E.C.F.
    *Attorney for Plaintiff*
    Martindale & Associates, PLLC
    380 Lexington Avenue, 17th Floor
    New York, NY  10168

14 Civ. 1259 (HB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENEE JONES,

Plaintiff,

-against-

THE CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT,
DETECTIVE ANIELLO MAZZELLA,

Defendants.

## ANSWER TO COMPLAINT

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants City, NYPD, and*
*Mazzella*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Morgan D. Kunz*
*Tel:  (212) 356-2357*
*NYCLIS No. 2014-008521*

*Due and timely service is hereby admitted.*

*New York, N.Y.............................................................. , 2014*

*......................................................................................... Esq.*

*Attorney for..............................................................................*